**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------

**UNITED STATES OF AMERICA**

       - against -

**JERMAINE NELSON,**

                 **Defendant.**

------------------------------------------------

**22-cr-436 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

On February 28, 2023, the defendant Jermaine Nelson pleaded guilty to possessing a firearm following a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1), pursuant to a plea agreement with the Government. The defendant concedes that he had previously been convicted of three felonies. In 2002, the defendant was convicted of criminal possession of a weapon in the third degree, in violation of New York Penal Law Section 265.02(4)(2002), which made it a class D felony to possess any loaded firearm outside one's home or place of business.[1] In 2005, the defendant was convicted of auto stripping in the second degree, in violation of New York Penal Law Section 165.10(1), which makes it a class E felony to commit auto stripping in the third degree (which is otherwise a misdemeanor) after having been previously convicted of that offense within the preceding five years. In 2013, the defendant was convicted of aggravated

---

[1] This subsection was later moved into Section 265.03 (criminal possession of a weapon in the second degree).

1

unlicensed operation of a motor vehicle in the third degree, in violation of New York Vehicle and Traffic Law Section 511(3)(a)(ii), which makes it a class E felony for a person to commit aggravated unlicensed operation of a motor vehicle in the third degree while such person has in effect ten or more suspensions, imposed on at least ten separate dates for failure to answer or pay a fine.

On August 17, 2023, the defendant moved to withdraw his guilty plea on the grounds that Section 922(g)(1) is unconstitutional as applied to him in light of the Supreme Court's June 23, 2022 decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S.Ct. 2111(2022). See ECF No. 32. In Bruen, the Supreme Court held that New York's firearm licensing statute was unconstitutional to the extent that it required an individual who sought to carry a firearm outside that individual's home to obtain a license to do so based on a showing that proper cause existed to do so. Id. at 2156. The Supreme Court specifically relied on the history and tradition of the Second Amendment and the Fourteenth Amendment, which applied the Second Amendment to the states, and disapproved the use of a means-end scrutiny framework to test the validity of firearms regulations. Id. at 2127-30. The defendant also moved to dismiss the indictment against him based on the same argument that Section 922(g)(1) is unconstitutional as applied to him.

See ECF No. 32 at 3-5. There is no merit to either motion, and the motions are denied.

Once a guilty plea has been accepted, a defendant may not withdraw a guilty plea unless the defendant shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).[2] In determining whether a defendant has shown a "fair and just reason" for withdrawal, a judge should consider, among other factors, "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008). In this case, the defendant waited nearly six months after his guilty plea to move to withdraw that plea. His motion was made on the purported basis that Bruen rendered Section 922(g) unconstitutional as applied to him, but Bruen was issued eight months before his guilty plea and about fourteen months before his motion, which suggests strongly that the defendant knew that Bruen did not render Section 922(g) unconstitutional as applied to him.

In any event, whether the defendant has a claim of legal

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

3

innocence depends on whether the statute is unconstitutional as applied to him. And whether the Government would be prejudiced depends on whether, if the guilty plea were vacated, the Court would grant a motion to vacate the indictment. Therefore, as the defendant suggests, the Court should address the merits of the motion to dismiss the indictment. For the reasons explained below, there is no basis to dismiss the indictment, nor is there good cause to allow the defendant to withdraw his plea of guilty. Accordingly, the defendant's motions are denied.

## I.

The defendant's argument that Section 922(g)(1) is unconstitutional based on <u>Bruen</u> fails. The argument is plainly foreclosed by controlling precedent in this Circuit. In <u>United States v. Bogle</u>, the Court of Appeals for the Second Circuit held that: "We . . . join every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." 717 F.3d 281, 281-82 (2d Cir. 2013) (per curiam). The Court of Appeals specifically noted that there were strong dicta in the previous two Supreme Court opinions on Second Amendment rights, that affirmed the constitutionality of restrictions on the legality of the possession of firearms by convicted felons:

> [I]n both of these opinions, the Supreme Court clearly emphasized that recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'

Bogle, 717 F.3d at 281 (citing District of Columbia v. Heller, 554 U.S. 570, 626 (2009) and McDonald v. City of Chicago, 561 U.S. 742, 786 (2010)).

The defendant attempts to dismiss the strong dicta from Heller and McDonald that the Court of Appeals relied on as simply dicta. See ECF No. 32 at 4-5, 11. But this Court, just as the Court of Appeals, is required to accord deference to dicta from the Supreme Court. See Fuld v. Palestine Liberation Org., No. 22-496-cv, 2023 WL 5808926, at *15 (2d Cir. Sept. 8, 2023). And that dicta from the Supreme Court in Heller and McDonald was repeated by various members of the Supreme Court in Bruen itself. See 142 S.Ct. at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring)("Properly interpreted, the Second Amendment allows a variety of gun regulations," including the longstanding prohibitions on the possession of firearms by felons discussed in Heller and McDonald); id. at 2157 (Alito, J., concurring)("Nor have we disturbed anything that we said in Heller or McDonald . . . about restrictions that may be imposed on the possession or carrying of guns."). The three Justices who dissented in Bruen agreed: "I understand the Court's opinion today to cast no doubt on that aspect of Heller's holding . . .

5

"prohibiting, for example, firearms possession by felons." Id. at 2189 (Breyer, J., joined by Sotomayor & Kagan, JJ., dissenting).

The defendant also seeks to dismiss Bogle as simply a brief "per curiam" opinion, see ECF. No. 35 at 2-3, but the Court of Appeals noted that it was a "precedential" opinion, see Bogle, 717 F.3d at 281; see also United States v. Jimenez, 895 F.3d 228, 233 (2d Cir. 2018) (citing Bogle as precedent "upholding the federal ban on ex-felons' access to firearms and ammunition."). Therefore, that opinion is binding and can only be overturned by an en banc or "mini en banc" opinion of the Court of Appeals. Fuld, 2023 WL 5808926, at *18. The defendant also suggests that Bogle is no longer good law because it relied on the two-stage inquiry including a "means-end scrutiny" that was disapproved in Bruen. See ECF No. 35 at 2-3. But there was nothing in Bogle that applied that analysis.

In short, this Court cannot disregard the binding precedent from the Court of Appeals in Bogle that Section 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons. That is also the conclusion of numerous other judges of this Court. See, e.g., United States v. Craft, No. 23 Cr. 178, 2023 WL 6215326, at *3 (S.D.N.Y. Sept. 25, 2023)(asserting that "Bogle remains controlling precedent in this Circuit" and rejecting the defendant's facial and as-

6

applied challenges to Section 922(g)(1)); United States v. Davila, No. 23 Cr. 292, 2023 WL 5361799, at *2 (S.D.N.Y. Aug. 22, 2023)(re-stating Bogle's holding that Section 922(g)(1) is "a constitutional restriction on the Second Amendment rights of convicted felons" and denying the defendant's argument that Section 922(g)(1) is unconstitutional facially and as applied to him); United States v. Hampton, No. 21 Cr. 766, 2023 WL 3934546, at *10 (S.D.N.Y. June 9, 2023) (rejecting a facial challenge to the constitutionality of 18 U.S.C. § 922(g)(1)); United States v. King, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022)(rejecting both facial and as-applied challenges to the constitutionality of Section 922(g)(1)).

## II.

The defendant argues that Section 922(g)(1) is unconstitutional as applied to him because the conduct that formed the basis of the prior felonies – possessing a gun without a license, auto stripping, and driving without a license – would not have authorized a lifetime ban on firearm possession in 1791. See ECF. No. 32 at 3. But there is nothing in Heller, McDonald, or Bogle to suggest that the validity of a restriction on a felon possessing a firearm turns on the severity of the felony that triggers the restriction. Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year

. . . to possess in or affecting commerce, any firearm . . . ." For each of the defendant's prior felony convictions, the State Legislature determined that the crimes were sufficiently serious to warrant a possible punishment of a term exceeding one year.

The defendant's efforts to sustain an as-applied challenge based on his previous felony convictions are unavailing. The defendant relies on Range v. Attorney General, 69 F.4th 96 (3d Cir. 2023) (en banc), which found that Section 922(g)(1) was unconstitutional as applied to the defendant in that case. But that case is neither persuasive nor controlling, and is inconsistent with Bogle and the numerous other cases in this District that have continued to follow Bogle after Bruen. See, e.g., Craft, 2023 WL 6215326, at *4 (finding Range unpersuasive and not controlling); Davila, 2023 WL 5361799, at *5 n.7 (same); see also United States v. Jackson, 69 F.4th 495, 505-06 (8th Cir. 2023) (rejecting an as-applied challenge to the constitutionality of Section 922(g)(1)). There is, in short, no basis to find that Section 922(g)(1) is unconstitutional as applied to the defendant.[3]

---

[3] The defendant argues that his 2002 conviction for possessing a gun without a license should not be a qualifying felony for purposes of Section 922(g)(1) because the licensing scheme that was a predicate for the conviction was found unconstitutional in Bruen. But, as the Government argues, it is unnecessary to consider that conviction in view of the defendant's subsequent two felony convictions, see ECF No. 34 at 30 n.9, which "place [the defendant] squarely within § 922(g)(1)," Craft, 2023 WL 6215326, at *3.

## Conclusion

The Court has considered all of the arguments by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion to withdraw his guilty plea is **denied**. The defendant's motion to dismiss the indictment is also **denied**.

**SO ORDERED.**

Dated: New York, New York
October 4, 2023

_____
John G. Koeltl
**United States District Judge**